The Honorable Olan W. Reeves, Chairman Arkansas Workers' Compensation Commission 324 Spring Street Post Office Box 950 Little Rock, AR 72203-0950
Dear Chairman Reeves:
I am writing in response to your request for an opinion concerning the workers' compensation tax on "written manual premiums." A.C.A. § 11-9-303(a) (Supp. 2007). As you note, this tax is collected by the Workers' Compensation Commission ("Commission") pursuant to A.C.A. §§ 11-9-303 and-306 (Supp. 2007). You further note that the Commission collects this tax from workers' compensation insurance carriers once a year in the year after insurance premiums have been paid to carriers by policy holders. See A.C.A. § 11-9-306(e)(1). Your questions are prompted by the fact that carriers sometimes collect additional premiums from policy holders after performing audits. You report the following in this regard:
 In the industry, carriers routinely audit the employers which they insure to see if there are additional risks not known at the time of the purchase of the policy, such as additional workers or workers in the wrong class code, etc. If additional risks are found, the carriers usually assess an additional premium for that year to cover these risks. Occasionally, additional premiums are collected after these audits but are collected at the end of the policy year by the carriers. These audits and assessments of additional premiums often occur in the following year. Since the Commission only collects the premium tax once a year for the preceding year, it is not clear if the collections are based upon the premium collected at the beginning of the policy year or all of the premiums collected for the audited *Page 2 
policy. It is not clear whether the additional premium tax based upon these new assessments is being forwarded to the Commission.
You pose the following questions against this backdrop:
 1. Can we collect this additional assessment during the year under the current reading of the statutes or are we limited to just the initial premium collection?
 2. If we can collect this additional amount, can we specify in a rule or regulation that this is to be collected and forwarded to the Commission pursuant to Ark. Code Ann. § 11-9-306(f)?
 3. If we can collect this additional amount, can we specify in a rule or regulation how this is to he collected and forwarded to the Commission pursuant to Ark. Code Ann. § 11-9-306(f)?
RESPONSE
In my opinion, the workers' compensation tax on any premiums collected by a carrier after December 31 of a policy year will be reported and assessed in the next calendar year, to be collected by the Commission the year after that, pursuant to A.C.A. §§ 11-9-303(c)(1) and-306(e)(1). Accordingly, it is my opinion in response to your first question that the premium tax is based upon all of the premiums collected by the carrier for the audited policy, and not just the initial premium collection, but the tax on additional premiums paid to carriers after December 31 will be collected in a subsequent year. This response would appear to render moot your remaining questions.
It will be helpful in understanding your questions to first set out the relevant statutory provisions governing this premium tax. Subsection 11-9-303 provides in relevant part:
 (a) In addition to the premium taxes collected from carriers, the carriers shall pay annually to the Workers' Compensation Commission a tax, at the rate to be determined as provided in § 11-9-306 but not to exceed three percent (3%), on all written manual premiums resulting from the writing of workers' compensation insurance on risks within the state. *Page 3 
 (b) "Written manual premium" means premium produced in a given year by the manual rates in effect during the experience period and shall exclude the premium produced by the expense constant. Furthermore, "written manual premium," for the purpose of this chapter, means premium before any allowable deviated discounts, any experience rating modification, any premium discount, any reinsurance or deductible arrangement as common with fronting carriers, any dividend consideration, or other trade discount.
 (c)(1) This tax shall be collected by the commission from the carriers at the same time and in the same manner as insurance premium taxes under § 26-57-601 et seq. and deposited into the funds created in § 11-9-301.
A.C.A. § 11-9-303 (Supp. 2007) (emphasis added).
Subsection 11-9-306 provides in relevant part as follows regarding computation and payment of the tax:
 (a)(1) The Workers' Compensation Commission, on or before December 31 of each year, shall determine the surplus, if any, in the Workers' Compensation Fund, together with the additional amounts necessary to properly administer this chapter for the ensuing year.
 (2) The commission shall determine the rate of taxation for collections for that year on or before March 1 of the following year.
 (b)(1) The commission, on or before December 31 of each year, shall determine the surplus, if any, in the Second Injury Trust Fund, together with the additional amounts necessary to properly administer this chapter for the ensuing year.
 (2) The commission shall determine the rate of taxation for collections for that year on or before March 1 of the following year. *Page 4 
 (c)(1) The commission, on or before December 31 of each year, shall determine the surplus, if any, in the Death and Permanent Total Disability Trust Fund, together with the additional amounts necessary to properly administer this chapter for the ensuing year.
 (2) The commission shall determine the rate of taxation for collections for that year on or before March 1 of the following year.
 (d) The total rate of taxation for all three (3) funds when added together shall not exceed three percent (3%).
 (e)(1) The commission shall notify each insurance carrier of the rate of taxation applicable to each fund for the preceding year, and taxes shall be computed and paid pursuant to the provisions of § 11-9-303(c) on or before April 1 of the following year.
A.C.A. § 11-9-306 (Supp. 2007) (emphasis added).[1]
This "written manual premium" tax is therefore assessed on "premium produced in a given year by the manual rates in effect during the experience period. . ., "A.C.A. § 11-9-303(b); and it is to be paid by April 1 of the following year. A.C.A. § 11-9-306(e)(1). Your questions reflect a concern that unless the Commission is able to collect the tax more than once for a "given year," the tax may not be collected on premiums resulting from an audit by the carrier occurring after the tax has been collected for the year. The terms "given year" and "experience period" are undefined and this understandably may generate some confusion. It is my opinion upon further review, however, that the "given year" refers to the calendar year, and that premiums produced after December 31 are to be included in computing the tax for the following calendar year.
This conclusion is initially indicated by the fact that premiums are to be reported for the calendar year in accordance with A.C.A. § 26-57-603 (Repl. 1997), which is part of the body of law incorporated by A.C.A. § 11-9-303(c)(1), supra.[2] I *Page 5 
believe it reasonably follows from a reading of A.C.A. §§ 11-9-303
and-306 as a whole, moreover, that the "given year" refers to the calendar year. The Commission pursuant to subsections 11-9-306(a) — (c) must determine the respective funds' needs by December 31. Additionally, in accordance with subsection 11-9-306(e)(1), the taxes are to be "computed and paid pursuant to the provisions of § 11-9-303(c). . .[,]" which provides for the collection of the tax "at the same time and in the same manner as insurance premium taxes under § 26-57-601 et seq." As indicated above, this latter body of law requires the reporting of premium income on a calendar-year basis. And it is my understanding that these regular insurance premium taxes are paid on a calendar-year basis as well.
I conclude from these provisions that the "written manual premium" tax due April 1, according to A.C.A. § 11-9-306(e)(1), is to be computed based on premium collections as of December 31 of the previous calendar year. In my opinion, these are the "premium[s] produced in [the] given year" as contemplated by A.C.A. § 11-9-303(b). Any premiums collected by carriers after that date should be reported for the next calendar year pursuant to A.C.A. § 26-57-603, and taxed the year following that year, pursuant to subsection 11-9-306(e)(1).
This would appear to obviate your concern that the tax may not be collected on premiums resulting from an audit by the carrier occurring after the tax has been collected for the year. A response to your remaining questions is therefore unnecessary.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
DM:EAW/cyh
[1] The three referenced funds — the "Workers' Compensation Fund," the "Second Injury Trust Fund," and the "Death and Permanent Total Disability Trust Fund" — are established pursuant to A.C.A. § 11-9-301(a) (Repl. 2002), "for the use and benefit" of the Commission.Id. at (b).
[2] Subsection 26-57-604 requires each insurer to file a report by March 1 of each year showing "total direct premium income . . . from all kinds and classes of insurance . . . written by it during the preceding calendar year. . . ." A.C.A. § 26-57-603(a) (Repl. 1997).